# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL RIVERA, <br><br> Plaintiff, <br><br> v. <br><br> CORTICARE INC.; and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No.: 3:25-cv-01875-RBM-DEB <br><br> **ORDER GRANTING UNOPPOSED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> **[Doc. 6]** |

On August 6, 2025, Defendant CortiCare, Inc. ("Defendant") filed a Motion to Dismiss Plaintiff Nathaniel Rivera's ("Plaintiff") First Amended Complaint ("MTD"). (Doc. 6.) The MTD provided a noticed hearing date of September 8, 2025. (*Id.* at 1.)[1] Pursuant to Local Rule 7.1(e)(2), Plaintiff's opposition to the MTD was due on August 25, 2025. *See also* The Hon. Ruth Bermudez Montenegro Civ. Chambers R. II.B.–C.

On August 18, 2025, Plaintiff filed a document designated as an Opposition but the filing was not for this action. (*See* Doc. 7.) As Defendant notes, the document "is captioned for the related separate action pending before this Court, entitled *Joenathan Rivera v. CortiCare, Inc.*, Case No. 3:25-cv-01868-RBM-DEB ('Joe Rivera Action'), not this action, and it addresses the separate claims of Joenathan Rivera, not Nathaniel Rivera."

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

(Doc. 8 at 5; *see* Case No. 3:25-cv-01868-RBM-DEB, ECF No. 6 at 5 n.1.)  The filing also contains Joenathan Rivera's name and the case number for the Joe Rivera Action.[2]  Despite Defendant noting this error in its Reply, Plaintiff has filed no opposition to the Motion to Dismiss in *this case* and has not requested an extension of time to do so.[3]

Under this District's local rules, failure to file an opposition when due "may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. R. 7.1(f)(3)(c).  District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion).  Similarly, the Federal Rules of Civil Procedure authorize this Court to dismiss an action if a plaintiff fails to prosecute it.  *See* Fed. R. Civ. P. 41(b).  Generally, public policy favors disposition of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case cannot move toward resolution on the merits when plaintiffs fail to defend their complaint against motions to dismiss.

Because Plaintiff was made aware of the MTD and had ample time to respond to it, the Court deems Plaintiff's failure to oppose the MTD as consent to granting it.  *See* S.D. Cal. Civ. R. 7.1(f)(3)(c).  Accordingly, the Court **GRANTS** Defendant's MTD (Doc. 6) as unopposed and the First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATE:  November 26, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff also did not file an opposition in the Joe Rivera Action.

[3]  The Court will consider Plaintiff Joenathan Rivera's Opposition in resolving the Motion to Dismiss pending in the Joe Rivera Action.